Tucker v. Williams.

JOHN J. TUCKER v. SAMUEL P. WILLIAMS.

If a contractor, in erecting a building, materially departs from what was agreed upon, and fails substantially to perform his contract, he can recover nothing, and practically forfeits to the owner all that has been done.

This rule, however, should only be applied to cases where the contractor utterly fails to show a substantial performance of his contract.

The evidence at the trial was conflicting as to whether the building had been erected in conformity with the contract. An architect, who had been employed by the owner to superintend the work as it progressed, was among those who testified that the work done was in compliance with the contract. *Held*, that in weighing the evidence, his testimony should be regarded as controlling upon the question.

AT SPECIAL TERM, *June 27*, 1859.

Trial before a judge without a jury, in an action to foreclose a mechanic's lien upon building and premises No. 18 East 37th street, belonging to the defendant. It appeared that the plaintiff had contracted with the defendant, as owner, to do the mason

---

* See *The Mayor, &c., of N. Y.* v. *Doody*, 4 Abbott Pr. R. 127; *Davis* v. *Kruger*, 4 E. D. Smith, 350.

work on the building in question for $5,800, the work to be done to the defendant's satisfaction, and according to certain plans and specifications referred to in the contract. Some extra work had also been done, amounting to $65, and the building had been entirely finished, and was in the occupation of the defendant. A lien was claimed for $4,352, the balance alleged to be due over and above all payments made by the defendant on account. The defence set up in the answer was, that the building had been in no respect erected according to the plans and specifications ; that there had been paid to the plaintiff, on account of his work, $4,683 in cash and notes, and the defendant, by reason of the failure and omission of the plaintiff to perform his contract, had sustained damages to the amount of $2,000, which he claimed to be allowed him against any demand of the plaintiff. At the trial the amount of the plaintiff's claim was not disputed, but it was insisted that the building had not been constructed according to the contract and specifications, and therefore no recovery could be had. It appeared also that, during the progress of the work, an architect in the employ of the defendant had overlooked and superintended it, and had given certificates upon which the payments had been made as the work progressed. He had also given a certificate, after the building had been completed, to the effect that it had been so finished according to the contract. Upon the question as to whether the work had been done in conformity with the contract, many witnesses were examined on both sides, and the views of the judge, respecting the weight to be attached to their testimony, are expressed in his opinion.

*John R. Flanagan* and *Henry R. Cummings*, for the plaintiff..

*Samuel Williams*, for the defendant.

DALY, First Judge.—This action is brought by the plaintiff to foreclose a lien for work and materials supplied in the erection of a building for the defendant. The building was erected under

a contract specifying the nature of the work and the kind of materials that were to be used. The plaintiff claims for what was done in pursuance of the contract, and for extra work—after allowing for all payments that have been made to him—a balance of $4,352. The defendant insists that the building was not erected in the manner required by the contract. That there was a material deviation, both as to the way in which the work was done and in the kind of materials that were used. That different parts of the work, and a considerable portion of the materials were greatly inferior to what was required by the specifications, and that the plaintiff, not having performed his contract, is entitled to nothing.

Though the building is finished and in possession of the owner, still if the contractor, in erecting it, has materially departed from what was agreed upon—if he has failed substantially to do what was specified and stipulated for in the contract—he can recover nothing, and practically forfeits to the owner what is done. *Smith* v. *Brady*, 17 N. Y. R. 173. This is a stringent, but healthy and necessary rule, to secure the faithful performance of contracts; but as the penalty it imposes upon the defaulting contractor is a severe one—in this case involving a loss of labor and materials valued at over four thousand dollars—the court, in applying the rule, should be well satisfied that the case is one coming clearly within it, and that the contractor has utterly failed to show a substantial performance of his contract.

The evidence in this case is conflicting. Three witnesses on the part of the defendant, who have examined the building since it was erected, and compared it with the specifications, swear that it is not built according to the specifications, and, in connection with two other witnesses, have pointed out parts which they regard as defective, and as failing to comply with what was required by the contract. While eight witnesses on the part of the plaintiff, including himself—who were either engaged upon the building or supplied materials towards its erection—rebut this testimony. I should have found it difficult to determine between these two classes of witnesses; but there is a feature in

Tucker v. Williams.

the case which, upon a question so situated, has enabled me to reach what I regard as a satisfactory conclusion. The building was erected under the supervision of an architect, by whom the building was repeatedly examined while it was in progress, who gave directions as to the work, and upon whose certificates all the previous payments were made. For the two last and final payments he also gave his certificate, which was presented by the plaintiff to the defendant with the remark that the job was finished, to which the defendant answered that he was negotiating with his brother-in-law for the money, and that the plaintiff would be paid. There is no reason to suppose any collusion between the plaintiff and the architect, as the plaintiff had never employed him in anything, never agreed with him for any per centage, had never paid him anything, and had never come in contact with him until the erection of this building; and for his services as an architect in this matter he was paid by the defendant. The defendant sought to overcome this feature in the case by testifying that the architect was a very young man, whose experience had not been large ; that he did not agree to pay upon his certificate, but only in the event that he was satisfied himself ; upon which I asked him, what was the use, then, of employing an architect, and of requiring him to give a certificate; to which the defendant replied, that it was a mere form that was gone through with. To the defendant's testimony in this respect I gave no weight, but considered the final certificate of the architect, supported as it was by his testimony, as sufficient to turn the scale when testing the respective weight of conflicting testimony. I shall give judgment, therefore, for the plaintiff, for the amount claimed.

Judgment accordingly.